Attorney Troy Mongee for Richard Corona. This case is about the judge's assessment of the claimant's allegations. It's clear that review should be limited to only those rationales that are provided by the judge in the actual decision. In this case the judge summarized the claimant's allegations, the judge discussed the claimant's impairments, and then the judge discussed the medical opinions, but at no time does the judge really reassess or talk about the claimant's specific allegations. There is mention of, in the medical treatment records, use of Norco or other types of treatments that were done, but at no time does the judge specifically indicate that she is rejecting the claimant's allegations based upon a lack of treatment or conservative treatment. The vocational expert testified at the hearing that based upon the claimant's allegations that the claimant would be disabled. So if the judge doesn't properly assess the claimant's allegations, then his allegations should be credited under the Varney case and the claimant should be found disabled. Counsel, let me ask you a question that relates to what we should do with this case. Let's assume you're right, that the judge didn't properly document her credibility determination. I could have cited and it's not clear to me that that she's wrong. It's just it seems that she didn't document it correctly. Under those circumstances, we can't credit as true, can we? If the record is unclear, yes, Your Honor. The preferred remedy is to remand the case back for a new hearing, and that's okay with the claimant. He doesn't have an objection to that specifically. I think let me ask the question the other way. Yeah. Am I right in thinking, looking at this record, that a judge who wanted to document could find things in this record that might support? That may be possible that there are things in here that would support rejection of the claimant's allegations, but they're not articulated by the judge in this case. Thank you. It would have to go back for further development of the record. In that circumstance, if the court were to then it should be remanded for further development. Do we need to develop the record further or just ask the judge, the ALJ, to articulate, to describe if she's going to reject his claims, why she did so? I'm not sure we need more of a record. We just need to know what this judge found. And that is... It may go back on an open record anyway. Right. It would go back on an open record anyways, and then there's further evidence. You want to bring the file up to date so that any and all evidence is being considered. It would go back on an open record. I've never seen it remanded on a closed record where the judge just re-articulates. But I guess your argument is not that the record is incomplete. Your argument is that the ALJ's findings are incomplete. Correct. I think this case is very similar to the Lambert case, where the judge does summarize the medical records, but the judge never articulates any justifications, rationale, or reasons for rejecting those allegations. I mean, there are some references to medical records. Even the defendant's argument was that the judge did properly assess the treatment. And the support for that was a citation to a CT. A CT scan is not treatment. It's a diagnostic tool to assess what type of treatment should be provided. But it is not treatment in and of itself. And so there is no assessment of anything other than a summary of the medical records, which the Lambert case tells us is insufficient in and of itself. Additionally, there are references in the appellee's brief concerning side effects of medications. Mr. Corona never assessed or asserted that he had any side effects of his medications, so it's an irrelevant finding. There is reference in the appellee's brief about the lack of a need for a cane. Mr. Corona never testified he needed a cane. He actually, in fact, testified he didn't need the cane. So those kinds of statements about the medical records don't support that the ALJ properly assessed the claimant's allegations. And the treating physicians rule applies in this case as well? It would, Your Honor, and unfortunately, I was not the representative down below. When this comes back on an open record, there will be a treating physician statement in the file. And so that's going to be significant new evidence that will be presented to the ALJ. Hopefully, we can get a correct outcome. But there is evidence from treating sources in the file. Correct. There is evidence in the file, nothing that would necessarily constitute a medical source statement or an opinion that had to have been specifically addressed and discounted by the ALJ. But that would be something that would definitely be in the record if it comes back for a new proceeding. I also did want to point out that the statements in the appellee's brief concerning the overall treatment, again, they talk about the efficiency of treatment or the efficacy of treatment. And if you look at the judge's decision, there is no statement by the judge concerning the efficiency of treatment. There is a statement that the judge indicates that the embolism issue is no longer a threat. But again, that's not relevant because Mr. Corona specifically testified at the hearing he had not had an embolism for over a year. So statements that the x-rays of his chest were normal and there was no evidence of this further shows that all the judge was doing was providing a summary of the medical evidence. And in none of that summary, does the ALJ articulate any of Mr. Corona specific allegations? And in none of that summary, does the ALJ provide any specific evidence or rationale or support for why any particular allegation was rejected? So it's a very generic decision. It's not a very long decision. It doesn't contain a whole lot of real rationale or support. And so when we are limited to only those rationales that are articulated by the judge, this just doesn't stand up to that standard. Okay? Okay. I'd like to reserve two minutes if I could. Yes, yes. You have plenty of time. Let's hear from counsel for the government and then we'll give you time for rebuttal. And good morning, Your Honors. Elizabeth Fair on behalf of Kilolo Kijikazi, the Acting Commissioner of Social Security. So I understand that this ALJ's decision does lack a bit of articulation, specific articulation. But we don't agree that it's just a generic summary as this court found in Lambert. And there's a couple of cases I want to point the court's attention to that in the articulation is lacking. As long as you can discern the path of the ALJ's reasoning, the court can still uphold the ALJ's decision. And even in Lambert, the court says, as long as you can, if you can discern the ALJ's reasoning, it can also be upheld notwithstanding some articulation. Can I ask you what are, maybe you could direct us to what you think is maybe, I don't know, one or two of the best passages in the ALJ's decision that you think actually grapple with, you know, actually try to engage in analysis as opposed to, as your opponent said, just kind of a general summary. That's how I read, you know, 95% of what's in there. It was just kind of a rote summary of what the record contained, but very little in the way of analysis. So is there something in particular you want to direct us to? Yes. First, and I want to get back to the rote summary. But on page 26 of the Certified Administrative Record, there's a paragraph that starts with in talking about Dr. Aya Tamayo's consultative examination. During that paragraph, and she does mention Dr. Mahmoud later. So keeping, and Dr. Colmer, the state agency. So keep in mind that I understand that she is talking about medical evidence at that point. But within that paragraph, you can see how she's thinking about the claimant's particular assertions about his ability to sit or stand for 15 minutes at a time. In that paragraph, she says, consistent with, well, Dr. Aya Tamayo's opinion that claimant could stand and walk for just, for two hours out of eight, an eight hour day. It needed an assistive device. That, that he does better when he's not using the cane. That's a passage that's directly related to the earlier summary of claimant's allegations on page 24, where the ALJ had said, he's testifying that he can only sit or stand and walk for 15 minutes at a time. So that, even though it's in the context of a different sort of discussion, it does relate to that particular testimony. And just above that, the ALJ talks about the ability to lift and references claimant's testimony about being able to lift a gallon of milk. And then later on in that, he, she, she also talks about claimant's subjective pain complaints. And specifically, he did there, she says, there are a few back or hip related objective findings in the progress notes. So admittedly, it's not ideal, but I think that within that paragraph, you can, you can discern the path of the ALJ's reasoning. Well, does she, I'm sorry, does she ever link up these medical records to his testimony? In other words, I think what Lambert says, and I take your point that we don't require perfection in an ALJ decision, is you ought to say what parts of the testimony you don't believe, and then tell us where in the medical records the contradictory evidence is. And I'm not sure I see anything here that links it up, even, even if I gave credit to that paragraph. Is there anything here that links it up to his testimony? Well, the fact that he does, the ALJ does twice refer to what he testified to in that paragraph, and then again, subjective pain complaints. I think that, I think that should satisfy the substantial evidence standard here, because I, I do think it's, it's apparent what the ALJ is talking about. And then, Your Honor, let me direct you to page 27, where claimant had testified that he, he spent his days reclining with his legs foot, foot above the ground. And on page 27, the ALJ addresses an earlier indication that Dr. Mahmoud had made about claimant elevating his legs, and admittedly, that was in conjunction with his very recent ankle fracture. But the ALJ does say at that point that an ability to elevate the legs is, is not supported by anything else in the remainder of the record. So again, you can see... The ALJ doesn't mention at all that the year and change after that first finding by Dr. Mahmoud, he makes the same recommendation about elevating the limbs. Not mentioned at all by the ALJ. Doesn't the ALJ use the first reference to conclude that, that it was a durational episode, that it was transitory? Yes. Which is then discounted by the reference to Dr. Mahmoud's advice that she makes no reference to at all? That's correct. But she does also say that the subsequent medical evidence does not clearly establish the need for such a limitation. And Dr. Mahmoud's, the point where I page, I think it's 672 in the record, where he says elevation, that's the last treatment record, as far as I can tell in the record. So there's an issue of duration at that point. And there's also... But when it's, when she doesn't reference it at all, the only thing that relates to duration is her conclusion with respect to the first recommendation about elevation. And I think it's a fair reading of the opinion then, that she hasn't credited, she hasn't taken into consideration at all that more than a year later, after this episode, Dr. Mahmoud makes the same exact recommendation. But she does say the subsequent medical evidence... But that she mentioned Dr. Mahmoud. That she doesn't have to specifically mention it, she's reviewed the record, and I think it's pretty clear from the two-page discussion that she, she is aware of what's in this record. So, you know, that... And I think... No, I don't doubt that she was aware. And as I told your friend, I don't doubt, I think at least for the moment, that she could have found, she could have rejected the claimant's testimony. I'm just trying to figure out how we review it. And what I read Lambert is saying is, give us enough so that when somebody comes up to argue the case, we can, we're not making findings for the ALJ, we're, we're, we can see what findings she made. And that's why I'm having some difficulty here, and I asked you to try to link it up. Yes, and I understand that, Your Honor. And the other point, as to Judge Watford's question I wanted to get to, was that this, this isn't necessarily a generic summary of the evidence. Because the ALJ starts, the claimant has alleged disability based on lumbar degeneration, hip conditions, blood clots in the lungs, which are pulmonary embolisms, and then the varicose veins in his legs. So then she summarizes that on page, or those are the impairments that she finds severe. And then her summary of the evidence is actually tailored to those particular limitations. Agreed it's not, it would have been better if she'd gone back and said, you know, connected these particular things. But you can see in her summary, she's discussing the objective evidence related to all of those conditions. And then the fact that the treatment is conservative. And again, he's, he's being treated with medications, compression stockings. He's told to lose weight. All of those things are conservative. So, so that you can see that again, she doesn't flat out say it, but it's true. And if I can take Judge Hurwitz's point that the ALJ obviously could have better connected her findings to the evidence. So in my view, that means that substantial evidence does support her findings. But the difficulty is, we're supposed to review. And we're not supposed to make findings for the ALJ. We keep getting reminded that we shouldn't. It's her, her job, not ours. And so I'm, I'm, what concerns me here is how I, how I determine what findings she actually made, other than she didn't accept his claim. I'm trying to figure out why she didn't accept it. And that's why I'm looking for the link. And again, I don't think you're going to find it in a specific link here. But what you can do, again, with consistent with your case laws, if you, you can discern the path of her reasoning through here. And I think you can do that, given the passages that I pointed out in that paragraph on page 26, the reference. There's a difference between this and the other cases. It's clear here that the VE says, if he's, if you accept his testimony, he is disabled. We don't have that in the other cases that we were looking at, do we? So we were, we were there able to sort of to say, well, close enough for government work, if you will. You know, the, the, the description wasn't perfect, but it doesn't appear to have affected the case. Here, if you believe him, he's disabled. Does that make a difference? I honestly don't know if it's clear from either Lambert or Molina, the two cases that I'm relying on most, that there is VE testimony there. I'm not saying it's not, I'm just saying I'm not sure it's clear from those. But again, here you have, I think that paragraph on page 26 does provide a link and, you know, the reference the LJ makes to the elevation on page 27. Those, those do provide pieces of evidence that show the path of her reasoning. And I think you could find that any error the LJ made here without, you know, as, in terms of, you know, specific articulation is harmless, given that I think a reviewing court, and the district court certainly did, can discern the path of the LJ's reasoning here. If it's not clear, if it's not clear, shouldn't it be sent back to make it clear? Well, this, it is, there is, again, the case law says if a reviewing court can discern the path of the agency's reasoning here. And I think that that is discernible in this case. It doesn't, you know, I, that's our position that it doesn't, and the district court did agree with us. So I understand that courts might want more articulation here, but I think that under your case law, Molina and Lambert, particularly the part of Lambert that says if you can, if you can see what the LJ is thinking here, and I think you can, in that situation, I think you can uphold this LJ's decision based on, if you have to go and say it's harmless error, the articulation deficiencies here are harmless, because it is clear from this LJ's decision what she's thinking. Okay. Thank you, counsel. Thank you, your honors. Put, I think it's three minutes, yes, for rebuttal. Yes. Again, the standard here for consideration of the claimant's allegations as briefed is specific, clear, and convincing. Even what has been stated today is that it's not ideal and it's not clear. If it's not clear, then it has to go back, or you have to credit the claimant's allegations. We have a VE who specifically tells us crediting those allegations, the claimant should be found disabled. So looking at this, there is no link between the claimant's evidence, there is no support for a claimant's lack of appropriate treatment. The treatment can't be considered conservative. I know that it's indicated, it's elevation of the legs, compression, stockings. There is nothing in the file that shows that, for example, Mr. Corona should have surgery. He does specifically, however, testify that surgeries were not done on him because of his blood sugar problem. So if the judge is going to find that he engaged in or received only conservative treatment, the judge must consider the reasons that he didn't, for example, have surgery. But in this record, the judge never even addresses conservative treatment, so it's not relevant. In this case, you can't find harmless error when the VE specifically tells us, crediting the claimant's allegations, the claimant should be found disabled. I know that the appellee is arguing that you can discern what the judge was thinking. We're not supposed to discern what the judge is thinking. The judge is supposed to articulate that. If the judge doesn't articulate it, the judge's decision is not supported by substantial evidence. It cannot be considered clear, specific and convincing. And therefore, we're asking that the court reverse it. It'll be up to the court to determine whether or not that should be for a new hearing on an open record or whether or not an award of benefits should be made. But the case should be reversed because the judge fails to articulate in the decision why she is rejecting Mr. Corona's allegations. Okay, very good. Thank you, Counsel. Thank you, Your Honor. Case just argued is submitted. Yes. No, it's been submitted. We're done. Okay, so we'll move to the next case on the calendar.
judges: WATFORD, HURWITZ, Vitaliano